# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*,[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| Old LC, Inc. (f/k/a Loot Crate, Inc.), *et al*., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adv. No. 22-50107 (BLS) |
| | § | |
| The Loot Company (f/k/a Loot Crate Acquisition LLC), Loot (Assignment for the Benefit of Creditors), LLC, and John Doe, | § | |
| Defendants. | § | |

## OPENING BRIEF IN SUPPORT OF DEBTORS' MOTION TO DISMISS THE LOOT COMPANY'S COUNTERCLAIMS

Plaintiffs/Counterclaim Defendants Old LC, Inc., Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. (collectively, "***Debtors***"), respectfully submit this Brief in support of their Motion to Dismiss (the "***Motion***") the counterclaims asserted in this proceeding by Defendant/Counterclaim Plaintiff The Loot Company (f/k/a Loot Crate Acquisition LLC) ("***The Loot Company***" or "***Purchaser/Assignor***").

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309. The Debtors were formerly named Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc., and Loot Crate Parent, Inc. Following the closing of the sale of substantially all of the Debtors' assets, the Debtors filed the necessary documentation in the applicable jurisdictions to change their corporate names and filed the *Notice of Changes of Debtors' Names and Case Caption* [D.I. 265] with the Court, all in accordance with the terms of the sale and the order approving the same [D.I. 254].

605335327

## Summary of Argument

Purchaser/Assignor claims that the Debtors breached the Sales Tax Funding Agreement and misappropriated certain confidential information. However, fatal to Purchaser/Assignor's claims is the fact that Purchaser/Assignor has admitted in its Answer, and through the Declaration of David M. Johnson filed in this very Adversary Proceeding [D.I. 15], that it no longer owns these purported claims. Effective as of February 2, 2022, Purchaser/Assignor executed an Assignment for Benefit of Creditors, whereby Purchaser/Assignor assigned away all of its contractual rights and claims, along with substantially all of its other assets. Counterclaim at ¶ 20; First Amended Complaint at ¶¶ 65-67; Answer at ¶¶ 65-67; Johnson Decl. at ¶¶ 4-5.

As a result, Loot (Assignment for the Benefit of Creditors), LLC ("***Loot ABC***") succeeded to any rights and claims held by Purchaser/Assignor against Debtors. Counterclaim at ¶ 20; First Amended Complaint at ¶¶ 65-67; Answer at ¶¶ 65-67. Therefore, Purchaser/Assignor does not have standing to pursue the Counterclaims.

## Standard of Review

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. "The purpose of [Rule 12(b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *In re Aspect Software Parent, Inc.,* 578 B.R. 718, 722 (Bankr. D. Del. 2017) (quoting *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed. Cir.1993)).

"A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" in order to survive a 12(b)(6) motion. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In considering a motion to dismiss, "a court may consider matters of public

record, orders, exhibits attached to the complaint and items appearing in the record of the case." *In re Evergreen Solar, Inc.*, No. 11-12590 (MFW), 2014 WL 300965, at *1 (Bankr. D. Del. Jan. 28, 2014) (citations and quotation omitted).

A plaintiff that lacks standing "is unable to show that she is entitled to relief and therefore is unable to state a claim upon which relief can be granted." *In re Roszkowski*, No. 12-06256-8-JRL, 2013 WL 652996, at *1 (Bankr. E.D.N.C. Feb. 21, 2013). *See also Matter of Petrowax P.A., Inc.*, 200 B.R. 538, 542 (Bankr. D. Del. 1996) (dismissing certain claims because the plaintiff lacked standing).

## Argument

I. **Counterclaim I For Breach Of Contract Should Be Dismissed To The Extent That It Does Not Set Forth A Claim For Damages, But In Any Event, Purchaser/Assignor Lacks Standing.**

As an initial matter, Counterclaim I, which purports to assert a claim for breach of contract, is in fact merely a defense to the Debtors' claims against Purchaser/Assignor. In particular, the gist of Counterclaim I is that the Sales Tax Funding Agreement was terminated on one of several dates, such that the Debtors cannot now pursue contractual claims against Purchaser/Assignor. Whatever the merits of this argument as a defense to liability—and the Debtors dispute it—it does not represent a right to recover damages or other relief from the Debtors. Counterclaim I thus does not state a claim for relief, and it should be dismissed for failure to state a claim.

In paragraph 31 of the Counterclaims, Purchaser/Assignor requests the Court to "award damages to [Purchaser/Assignor] for the breaches that may be proven at trial and/or nominal damages." This fragment does not state a viable claim either, for one of two reasons. First, if the contract was terminated, as Purchaser/Assignor asserts, such that it no longer permits the Debtors to pursue breach claims against Purchaser/Assignor, then it does not permit Purchaser/Assignor to

pursue breach claims against the Debtors either. But in any event, even if the language of the contract and the circumstances otherwise created a viable cause of action in favor of Purchaser/Assignor, Purchaser/Assignor no longer owns that cause of action.

As explained above, on February 2, 2022, Purchaser/Assignor executed an Assignment for Benefit of Creditors, whereby Purchaser/Assignor assigned away substantially all of its assets, including choses in action. Counterclaim at ¶ 20; First Amended Complaint at ¶¶ 65-67; Answer at ¶¶ 65-67; Johnson Decl. at ¶¶ 4-5. Purchaser/Assignor thus no longer has any enforceable rights under or relating to the contract. This is true regardless of when the alleged breach occurred: if the assets were assigned before the alleged breach, then the breach gave rise to a chose in action in favor of Loot ABC; and if the assets were assigned after the alleged breach, then both the contract and the chose in action were assigned to Loot ABC.

## II. Counterclaim II for Misappropriation Should Be Dismissed Because Purchaser/Assignor Lacks Standing.

For similar reasons, Purchaser/Assignor lacks standing to assert any misappropriation claim. If the alleged misappropriation occurred before the assignment, then Purchaser/Assignor had a chose in action and assigned it. If the alleged misappropriation occurred after the assignment, then the confidential information at issue was owned by Loot ABC, and Purchaser/Assignor lacks standing because it was not harmed by the misappropriation. *See generally UD Tech. Corp. v. Phenomenex, Inc.*, No. C A 05-842-GMS, 2007 WL 28295, at *8 (D. Del. Jan. 4, 2007) ("only those parties to the contract have standing to pursue a claim of trade secret misappropriation").

## Conclusion

For the reasons set forth herein, Debtors respectfully request that the Court grant the Motion, dismiss the Counterclaims, and grant such other relief as is just and proper.

Dated: June 3, 2022

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
Brian C. Walsh *(Admitted pro hac vice)*
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309-3471
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
Email: mark.duedall@bclplaw.com
 Brian.walsh@bclplaw.com

**BRYAN CAVE LEIGHTON PAISNER LLP**
Andrew J. Schoulder (*Admitted pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: (212) 541-2000
Facsimile: (212) 541-4630
Email: andrew.schoulder@bclplaw.com

-and-

**ROBINSON & COLE LLP**
Natalie D. Ramsey (No. 5378)
Jamie L. Edmonson (No. 4247)
Mark A. Fink (No. 3946)
1201 North Market Street
Suite 1406
Wilmington, Delaware 19801
Telephone: (302) 516-1700
Facsimile: (302) 516-1699
Email: nramsey@rc.com
 jedmonson@rc.com
 mfink@rc.com

*Co-Counsel to Plaintiffs*

605335327

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I caused the ***OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS THE LOOT COMPANY'S COUNTERCLAIMS*** to be electronically filed with the Court and served upon the parties that are registered to receive notice via the Court's CM/ECF notification system.

I further certify that additional service was completed via first class United States Mail, postage prepaid, upon the parties listed on the attached Exhibit A.

Dated: June 3, 2022

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309-3471
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
Email: mark.duedall@bclplaw.com

*Co-Counsel to Plaintiffs*

605335327

# EXHIBIT A

| | |
|---|---|
| Alabama Department of Revenue<br>1434 22nd Avenue<br>Tuscaloosa, AL 35401 | Alabama Department of Revenue<br>Tax Department<br>2020 Valleydale Road, #208<br>Birmingham, AL 35244 |
| Alabama Department of State Revenue<br>Attn: Mary Martin Mitchell<br>3114 Gordon Persons Building<br>50 N. Ripley Street<br>P.O. Box 32000<br>Montgomery, AL 36130 | Office of the Arizona Attorney General<br>c/o Tax, Bankruptcy and Collection Section<br>Attn: Lorraine Averitt<br>2005 North Central Avenue<br>Suite 100<br>Phoenix, AZ 85004 |
| State of Arizona<br>Attn: Tax Audit and Collections<br>P.O. Box 1466, MS 1170<br>Mesa, AZ 85211-1466 | California Department of Tax and Fee Administration<br>505 North Brand Boulevard, Suite 700<br>Glendale, CA 91203-3946 |
| California Department of Tax and Fee Administration<br>P.O. Box 942879<br>Sacramento, CA 94279-0055 | Colorado Springs Finance Dept.<br>Sales Tax Division<br>Department 2408<br>Denver, CO 80256-0001 |
| State of Connecticut<br>Department of Revenue Services<br>Attn: Ana Box<br>Compliance Resolution Unit<br>Bankruptcy Section<br>450 Columbus Boulevard, Suite 1<br>Hartford, CT 06103-1837 | Florida Department of Revenue<br>Voluntary Disclosure Program<br>P.O. Box 5139<br>Tallahassee, FL 32314-5139 |
| State of Florida – Department of Revenue<br>c/o Frederick F. Rudzik<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | State of Florida – Department of Revenue<br>c/o Richard Atherton<br>Revenue Specialist<br>P.O. Box 8045<br>Tallahassee, FL 32314-8045 |
| Florida Department of Revenue<br>Attn: Leonard Ceci<br>P.O. Box 5139<br>Tallahassee, FL 32314-5139 | Georgia Department of Revenue<br>Attn: Merrill Jacobson<br>Compliance Division<br>1800 Century Boulevard, Suite 7207<br>Atlanta, GA 30345 |

605335327

Hawaii Department of Taxation
Post Office Box 259
Honolulu, HI 96809-0259

Illinois Department of Revenue
Attn: Ricky Gleason
Post Office Box 19014
Springfield, IL 62794-9014

Indiana Department of Revenue
Bankruptcy Section
Attn: Anita Terrell
100 North Senate Avenue MS-108
Indianapolis, IN 46204

Indiana Department of State Revenue
Attn: Steven D. Carpenter
Associate General Counsel
100 North Senate Ave., Room N248
Indianapolis, IN 46204-2253

Iowa Department of Revenue
Attn: Kurt Konek
Hoover State Office Building
1305 Walnut Street
Des Moines, IA 50319

Commonwealth of Kentucky Department of Revenue
Attn: Thomas Wolfe
Legal Support Branch
P.O. Box 5222
Frankfort, KY 40602

Clark Jesse
Kentucky Department of Revenue
P.O. Box 5222
Frankfort, KY 40602

Louisiana Department of Revenue
Attn: Rick Addison
Audit Review & Appeals Division
617 North Third Street
P.O. Box 4936
Baton Rouge, LA 70821

Maine Revenue Services
Attn: Scott A. Paquet
P.O. Box 1060
Augusta, ME 04332

Comptroller of Maryland
Attn: Voluntary Disclosure Department
301 West Preston Street, Room 203
Baltimore, MD 21201

Comptroller of Maryland
Attn: Angela Mason
301 W. Preston Street, Room 409
Baltimore, MD 21201-2383

Comptroller of Maryland
Attn: Kimberly B. Stephens, Esq.
301 W. Preston Street, Room 410
Baltimore, MD 21201-2383

Comptroller of Maryland
Attn: Melinda Dunmire
Assistant to Director, Compliance Division
301 West Preston Street
Baltimore, MD 21201-2383

Michigan Department of Treasury - Revenue/AG
P.O. Box 30456
Lansing, MI 48909

Michigan Department of Treasury
Attn: Heather L. Donald
Bankruptcy Unit
3030 W. Grand Boulevard, Suite 10-200
P.O. Box 30168
Lansing, MI 48909

Mississippi Department of Revenue
Attn: Jeff Dotson
P.O. Box 1033
Jackson, MS 39215

Nebraska Department of Revenue
P.O. Box 94818
Lincoln, NE 68509

New Jersey
Department of the Treasury
Division of Taxation
P.O. Box 281
Trenton, NJ 08695

Norman Fivel
Assistant Attorney General
Civil Recoveries Bureau, the Capital
Albany, NY 12224-0341

New York State Dept. of Taxation
and Finance
Attn: Bankruptcy Section
P.O. Box 5300
Albany, NY 12205-0300

North Carolina Department of Revenue
Attn: Thomas O. Robbins
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602

North Carolina Department of Revenue
Attn: Director of Taxpayer Assistance and
Collection Division
P.O. Box 871
Raleigh, NC 27602

North Dakota State Tax Commissioner
Attn: Patrick A. Baros
600 East Boulevard Avenue
Department 127
Bismark, ND 58505

Pennsylvania Department of Revenue
Attn: Joseph J. Swartz
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128

South Carolina Department of Revenue
Attn: Rose M. Steward
P.O. Box 12265
Columbia, SC 29211

Texas Comptroller of Public Accounts
c/o Office of the Attorney General
Attn: Byron Evans, II
Lydia Hewett
Bankruptcy & Collection Division
P.O. Box 12548, MC-008
Austin, TX 78711

Texas Attorney General
Bankruptcy & Collections Division
c/o Christopher Murphy
P.O. Box 12548, MC008
Austin TX 78711-2548

Utah State Tax Commission
Attn: Jim Thompson
210 North 1950 West
Salt Lake City, UT 84314

| | |
|---|---|
| Vermont Department of Taxes<br>Attn: Will Baker<br>Director, Legal Unit<br>133 State Street<br>Montpelier, VT 05602 | Washington State, Department of Revenue<br>P.O. Box 47464<br>Olympia, WA 98504-7464 |
| Washington Department of Revenue<br>Attn: Sam Seal<br>2101 4th Avenue, Suite 1400<br>Seattle, WA 98121 | Washington State Dept. of Revenue<br>Attn: Victor J. Crossetti<br>Compliance Division<br>1904 Humboldt Street, Suite A<br>Bellingham, WA 98225 |
| Wisconsin Department of Revenue<br>2135 Rimrock Road<br>P.O. Box 8906<br>Madison, WI 53708-8906 | Wisconsin Department of Revenue<br>Attn: Jill Ritchie<br>Special Procedures Unit<br>P.O. Box 8901<br>Madison, WI 53708-8901 |
| Australian Taxation Office<br>26 Narellan Street<br>Canberra ACT 2601<br>Australia | The Loot Company (fka Loot Crate Acquisition LLC)<br>c/o The Delaware Corporation Agency, Inc.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801 |
| Erin R. Fay<br>Bayard, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801 | Cathy Hershcopf<br>Lauren Reichardt<br>Cooley LLP<br>55 Hudson Yards<br>New York, NY 10001 |
| Ronald Bender<br>Beth Ann R. Young<br>Levene Neale Bender Yoo & Golubchik, LLP<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034 | David Vogel<br>Cooley LLP<br>Reston Town Center<br>11951 Freedom Drive, 14th Floor<br>Reston, VA 20190-5656 |
| Josef W. Mintz<br>Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801 | Ira L. Herman<br>Blank Rome LLP<br>1271 Avenue of the Americas<br>New York, NY 10020 |