# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| Old LC, Inc. (f/k/a Loot Crate, Inc.), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adv. No. 22-50107 (BLS) |
| The Loot Company (f/k/a Loot Crate Acquisition LLC), Loot (Assignment for the Benefit of Creditors), LLC, and John Doe, | § § § § § | Ref: D.I. 44 |
| Defendants. | § | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO
## THE LOOT COMPANY'S MOTION TO DISMISS COUNT VI OF
## THE PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Old LC, Inc.; Old LC Holdings, Inc.; Old LCF, Inc.; and Old LC Parent, Inc. (collectively, the "***Debtors***" or "***Plaintiffs***") file this response to the motion of The Loot Company, f/k/a Loot Crate Acquisition LLC ("***Purchaser***") to dismiss Count VI of the Plaintiffs' First Amended Complaint (the "***Motion to Dismiss Count VI***," D.I. 44).

---

[1] Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. Debtors' noticing address in their Bankruptcy Cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

Page 1

**Argument**

A. **The December 10 Email Was Misleading, and Delaware Law Supports a Claim for Fraud Based on that Email, and the Other Facts Alleged.**

TLC, through its counsel, mislead the Debtors, in a material fashion. TLC's counsel stated, in writing, on December 10, 2021, that TLC was "working to become current" on its tax obligations. TLC states that this cannot be the basis of a fraud claim, because "working" is a "broad and generic term." Brief on Motion to Dismiss Count IV (D.I. 45), at p. 7.

Yet TLC also states that "working" "often implies an effort." *Id.* Thus, Count VI should absolutely go forward, for the First Amended Complaint also alleges that the Debtors later learned that TLC had paid nothing on the tax claims for months, since August of 2021. First Amended Complaint, at ¶ 52. There was no "effort;" there was no "working to become current;" all payments had stopped in August 2021. Ms. Reichardt could have stated that, or she could have stated nothing. Instead, where one actively conceals a material fact, such person is liable on a fraud theory for damages caused by such conduct. *Nicolet, Inc. v. Nutt*, Del. Supr., 525 A.2d 146, 149 (1987).

Indeed, the First Amended Complaint also alleged that the December 10 Email provided a reason **why** the tax claims had not been paid – that an employee had left TLC's employ, and no one had been tasked with her responsibilities on the tax claims. First Amended Complaint, at ¶ 48. Accordingly, TLC, through its counsel, did not in any way provide a generic "I will follow up" or "we are looking into it," which could likely not form the basis for a fraud claim. Instead, TLC, using its counsel as the conduit of information, provided an assurance that it was "working to become current" **and an explanation for the delay** – which was also false.

This falsity is further buttressed by other allegations in the First Amended Complaint. When the Debtors' principals confronted Mr. Weinshanker (TLC's principal) just one month later,

605349639

Mr. Weinshanker stated, specifically and with particularity, that he was **already working to wind down TLC's business**. First Amended Complaint, at ¶¶ 53-54. This statement indicates that the December 10 Email was either a claim of over misrepresentation, **or** the deliberate concealment of a material fact, either of which can be the basis for a fraud claim. *Stephenson v. Copano Development Co.*, 462 A.2d 1069, 1074 (Del. 1982)).

Accordingly TLC cannot simply point to "four words" to make light of Count VI – the December 10 Email used words of action, to state that action was being taken. The December 10 Email added context – a reason why the action had not taken place thusfar. And the subsequent statements by Mr. Weinshanker, and others told to the Debtors with particularity, revealed all of that not to be true.

For a fraud claim to stand, "the complaint [must] provide[] the who, what, where, and when of the alleged fraud and clearly put[] Defendants on notice of the cause of action against them, which is all that Rule 9(b) requires." *N. Penn Towns v. Concert Golf Partners, LLC*, 2021 WL 3562849, at *19 (E.D. Pa. Aug. 12, 2021). The December 10 Email on its own supports Count IV. Moreover, the December 10 Email, when coupled with Mr. Weinshanker's statements to the contrary, also supports Count IV. And the other allegations in the First Amended Complaint – including, as set forth above, that it turns out no tax payments had been made for months – all buttress a finding that the Debtors not only were misled, but were very **specifically misled by specific statements**. *N. Penn Towns*, 2021 WL 3562849, at *19 (listing similar specific false statements to support a fraud claim).

Indeed, Delaware courts have consistently held that the particularity requirement be applied in light of the facts of the case, and **less particularity** is required in a pleading when "the facts [of the case] lie more in the knowledge of the opposing party than of the pleading party."

Page 3

*Carello v. PriceWaterhouseCoopers*, 2002 WL 1454111, at *8 (Del. Super. 2002). The same is true here – all that is required, and this will be borne out in discovery – is for TLC, and Cooley, to explain exactly what was going on in the fall of 2021 while the Debtors were misled, and who directed such obfuscation, including the false statements in the December 10 Email. That information, aside from the facts that were pled, is entirely in the hands of TLC and its counsel.

The First Amended Complaint accomplishes what Delaware law requires – that a pleading of fraud must be specific as to the facts alleged so that the defendant is "informed of the act" that plaintiff complains of and can therefore adequately prepare a response and defense to the claims. *Carello*, 2002 WL 1454111, at *8.

### B. The Debtors Justifiably Relied on The Fraudulent Statements.

TLC argues that the Debtors' fraud claim should be dismissed because the Debtors failed to allege justifiable reliance. The two reasons given for this argument are that "(1) they did not allege any detrimentally [sic] change of position in response to the email, and (2) by alleging that they were already on alert about unfunded taxes, Debtors failed to exercise easy due diligence at their disposal." Both reasons are insufficient to support the argument. TLC's own brief notes that "to plead reliance with particularity, plaintiff must explain what he did ***or refrained from doing***, in justifiable reliance upon the statement." *Smith v. Smitty McGee's, Inc.*, 1998 WL 246681, at *5 (Del. Ch. May 8, 1998) (emphasis supplied).

As to the first reason, the detrimental change of position in response to the December 10 Email is clear. This suit would have been brought earlier—and thus before TLC had time to assign all of the assets from which the Debtors might recover—but for the fraudulent assurance in the email. The second reason is related; in the fall of 2021, the Debtors were on alert, and they took the reasonable action of relying upon TLC's fraudulent assurance in response to their

Page 4

inquiries.  This detrimental change of position—from being on alert, to being reassured by Ms. Reinhardt's email—was the direct result of the Debtors' reasonable reliance.  The Debtors reasonably believed that no further diligence was required.

The cases cited by TLC do not support its position.  TLC correctly notes that for reliance to be "justified," the Debtors "did not have either the awareness or opportunity to discover accurate information." *Fortis Advisors LLC v. Johnson & Johnson*, No. CV 2020-0881-LWW, 2021 WL 5893997, at *13 (Del. Ch. Dec. 13, 2021) (citation omitted).  TLC claims that the Debtors were "aware" because they received the Texas default notice before the fraudulent email.  However, this reasoning is flawed at best and disingenuous at worst.  Awareness of the missed payment is not equivalent to "the awareness…to discover accurate information."  The relevant awareness that the Debtors lacked was the awareness of the intent *not* to become current, which the fraudulent email intentionally obfuscated.  Indeed, as noted above, the Debtors later learned that nothing had been paid by TLC since August of 2021, on any of the tax obligations, let alone those owed to Texas.  First Amended Complaint, at ¶ 52.

Similarly, TLC's argument regarding the Debtors' "opportunity to discover accurate information" is a *non sequitur*.  The accurate information that they did not have the opportunity to obtain was the intent to **become** current, of which the December 10 Email assured them.

Finally, the *Fortis* opinion relied upon by Purchaser **refused** to dismiss a fraud count absent a finding that all due diligence by the plaintiff was completely lacking.  *Fortis*, 2021 WL 5893997, at *13.  The First Amended Complaint adequately pleads reliance, which was justifiable, and which comports with the Delaware law of fraud.

Page 5
605349639

### C. The Debtors were Damaged by TLC's Fraud.

The First Amended Complaint states that the Debtors took no action to enforce their rights against TLC, based on the fraudulent statements made to them. First Amended Complaint, at ¶ 129.

The Debtors are not required to divine, at this time, what they could have done differently if they were armed with the facts. The record does show – by this very lawsuit – that the Debtors moved promptly send a demand letter once the facts were revealed, and then filed this action to seek injunctive relief to prevent TLC from dissipating its assets. But by then, it was too late – TLC had assigned its assets via an ABC, a notoriously non-transparent process in which no creditor ever knows what assets were transferred to insiders, or what insiders did to position themselves in December of 2021 and January of 2022 to re-purchase the Loot Crate enterprise (which we understand Mr. Weinshanker has done). To force the Debtors to allege, at the pleading stage, what they would have done in response to **actions taken under cover of darkness which the Debtors do not even know**, creates a pleading burden that no plaintiff could withstand.

In other Delaware actions, it is simply enough to plead that the plaintiff was harmed by the alleged fraud. In *Nicolet, Inc. v. Nutt*, Del. Supr., 525 A.2d 146, 149 (1987), the fraudulent statements pertained to the safety, or not, of asbestos products. At the pleading stage, the plaintiffs are not required to establish what they would have done differently, and all the ways in which each statement may have damaged them. It will depend on what is established in discovery. Here too, it may be that the Debtors could not have stopped anything – Mr. Weinshanker maybe had already done everything needed to ensure that his interests in TLC were supreme to all other creditors, including the Debtors. But we will not know that until there is discovery. To dismiss a fraud claim now, where neither the plaintiffs nor this Court will know how things could have turned out

Page 6
605349639

otherwise, would be an undue burden for any claim. If the Debtors cannot prove damages after engaging in discovery, then summary judgment will be an appropriate result.

D. **Count VI May be Unappetizing for TLC and Cooley, but that is of No Moment.**

Finally, TLC states that Count VI would complicate this proceeding. Count VI would make this case more distressing, as a breach of contract case is now infused with falsehoods, and falsehoods by reputable counsel, to boot. But the case is as pled – if TLC did not wish to be embroiled in fraud, then it could have been truthful from the very moment the Debtors started to inquire about unpaid tax claims, in the summer of 2021. Or it could have said nothing at all – fraud requires more than silence.

The Debtors don't know why they were told what they were told, and the Debtors don't know why Cooley and in particular Ms. Reichardt was the conduit of false statements (whether unwittingly or otherwise – the Debtors don't know that, either). But to suggest that a count of fraud should be dismissed merely because it is unsavory for the defendant and its counsel, is an odd proposition. No cases were cited in support of this argument, likely because none exist.

Page 7
605349639

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Motion to Dismiss Count IV be denied.

Dated: June 3, 2022

|  |  |
|---|---|
|  | ROBINSON & COLE LLP<br>Natalie D. Ramsey (No. 5378)<br>Jamie L. Edmonson (No. 4247)<br>Mark A. Fink (No. 3946)<br>1201 North Market Street<br>Suite 1406<br>Wilmington, Delaware 19801<br>Telephone: (302) 516-1700<br>Facsimile: (302) 516-1699<br>Email: nramsey@rc.com<br>   jedmonson@rc.com<br>   mfink@rc.com<br><br>*Co-Counsel to Plaintiffs* |
| BRYAN CAVE LEIGHTON PAISNER LLP<br><br>*/s/ Mark I. Duedall*<br>Mark I. Duedall (No. 3346)<br>Brian C. Walsh *(Admitted pro hac vice)*<br>1201 W. Peachtree Street, NW, 14th Floor<br>Atlanta, Georgia 30309-3471<br>Telephone: (404) 572-6600<br>Facsimile: (404) 572-6999<br>Email: mark.duedall@bclplaw.com<br>   Brian.walsh@bclplaw.com | BRYAN CAVE LEIGHTON PAISNER LLP<br>Andrew J. Schoulder *(Admitted pro hac vice)*<br>1290 Avenue of the Americas<br>New York, New York 10104-3300<br>Telephone: (212) 541-2000<br>Facsimile: (212) 541-4630<br>Email: andrew.schoulder@bclplaw.com<br><br>*Co-Counsel to Plaintiffs* |

# CERTIFICATE OF SERVICE

This is to certify that I have on this day caused the foregoing Plaintiffs' Response in Opposition to the Loot Company's Motion to Dismiss Count VI of the Plaintiffs' First Amended Complaint to be electronically filed with the Court and served upon the parties that are registered to receive notice via the Court's CM/ECF notification system.

I further certify that additional service was completed via first class United States Mail, postage prepaid, upon the parties listed on the attached Exhibit A.

Dated: June 3, 2022

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309-3471
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
Email: mark.duedall@bclplaw.com

*Counsel to Plaintiffs*

605349639

605349639

Exhibit A

| | |
|---|---|
| Alabama Department of Revenue<br>1434 22nd Avenue<br>Tuscaloosa, AL 35401 | Alabama Department of Revenue<br>Tax Department<br>2020 Valleydale Road, #208<br>Birmingham, AL 35244 |
| Alabama Department of State Revenue<br>Attn: Mary Martin Mitchell<br>3114 Gordon Persons Building<br>50 N. Ripley Street<br>P.O. Box 32000<br>Montgomery, AL 36130 | Office of the Arizona Attorney General<br>c/o Tax, Bankruptcy and Collection Section<br>Attn: Lorraine Averitt<br>2005 North Central Avenue<br>Suite 100<br>Phoenix, AZ 85004 |
| State of Arizona<br>Attn: Tax Audit and Collections<br>P.O. Box 1466, MS 1170<br>Mesa, AZ 85211-1466 | California Department of Tax and Fee Administration<br>505 North Brand Boulevard, Suite 700<br>Glendale, CA 91203-3946 |
| California Department of Tax and Fee Administration<br>P.O. Box 942879<br>Sacramento, CA 94279-0055 | Colorado Springs Finance Dept.<br>Sales Tax Division<br>Department 2408<br>Denver, CO 80256-0001 |

605349639

State of Connecticut

Department of Revenue Services

Attn: Ana Box

Compliance Resolution Unit

Bankruptcy Section

450 Columbus Boulevard, Suite 1

Hartford, CT 06103-1837

Florida Department of Revenue

Voluntary Disclosure Program

P.O. Box 5139

Tallahassee, FL 32314-5139

State of Florida – Department of Revenue

c/o Frederick F. Rudzik

P.O. Box 6668

Tallahassee, FL 32314-6668

State of Florida – Department of Revenue

c/o Richard Atherton

Revenue Specialist

P.O. Box 8045

Tallahassee, FL 32314-8045

Florida Department of Revenue

Attn: Leonard Ceci

P.O. Box 5139

Tallahassee, FL  32314-5139

Georgia Department of Revenue

Attn: Merrill Jacobson

Compliance Division

1800 Century Boulevard, Suite 7207

Atlanta, GA 30345

605349639

| | |
|---|---|
| Hawaii Department of Taxation<br>Post Office Box 259<br>Honolulu, HI 96809-0259 | Illinois Department of Revenue<br>Attn: Ricky Gleason<br>Post Office Box 19014<br>Springfield, IL 62794-9014 |
| Indiana Department of Revenue<br>Bankruptcy Section<br>Attn: Anita Terrell<br>100 North Senate Avenue MS-108<br>Indianapolis, IN 46204 | Indiana Department of State Revenue<br>Attn: Steven D. Carpenter<br>Associate General Counsel<br>100 North Senate Ave., Room N248<br>Indianapolis, IN 46204-2253 |
| Iowa Department of Revenue<br>Attn: Kurt Konek<br>Hoover State Office Building<br>1305 Walnut Street<br>Des Moines, IA 50319 | Commonwealth of Kentucky Department of Revenue<br>Attn: Thomas Wolfe<br>Legal Support Branch<br>P.O. Box 5222<br>Frankfort, KY 40602 |
| Clark Jesse<br>Kentucky Department of Revenue<br>P.O. Box 5222<br>Frankfort, KY 40602 | Louisiana Department of Revenue<br>Attn: Rick Addison<br>Audit Review & Appeals Division<br>617 North Third Street<br>P.O. Box 4936 |

605349639

Baton Rouge, LA 70821

| | |
|---|---|
| Maine Revenue Services<br>Attn: Scott A. Paquet<br>P.O. Box 1060<br>Augusta, ME 04332 | Comptroller of Maryland<br>Attn: Voluntary Disclosure Department<br>301 West Preston Street, Room 203<br>Baltimore, MD 21201 |
| Comptroller of Maryland<br>Attn: Angela Mason<br>301 W. Preston Street, Room 409<br>Baltimore, MD 21201-2383 | Comptroller of Maryland<br>Attn: Kimberly B. Stephens, Esq.<br>301 W. Preston Street, Room 410<br>Baltimore, MD 21201-2383 |
| Comptroller of Maryland<br>Attn: Melinda Dunmire<br>Assistant to Director, Compliance Division<br>301 West Preston Street<br>Baltimore, MD 21201-2383 | Michigan Department of Treasury - Revenue/AG<br>P.O. Box 30456<br>Lansing, MI 48909 |

605349639

| | |
|---|---|
| Michigan Department of Treasury<br>Attn: Heather L. Donald<br>Bankruptcy Unit<br>3030 W. Grand Boulevard, Suite 10-200<br>P.O. Box 30168<br>Lansing, MI 48909 | Mississippi Department of Revenue<br>Attn: Jeff Dotson<br>P.O. Box 1033<br>Jackson, MS 39215 |
| Nebraska Department of Revenue<br>P.O. Box 94818<br>Lincoln, NE 68509 | New Jersey<br>Department of the Treasury<br>Division of Taxation<br>P.O. Box 281<br>Trenton, NJ 08695 |
| Norman Fivel<br>Assistant Attorney General<br>Civil Recoveries Bureau, the Capital<br>Albany, NY 12224-0341 | New York State Dept. of Taxation<br>and Finance<br>Attn: Bankruptcy Section<br>P.O. Box 5300<br>Albany, NY 12205-0300 |
| North Carolina Department of Revenue<br>Attn: Thomas O. Robbins<br>Bankruptcy Unit<br>P.O. Box 1168 | North Carolina Department of Revenue<br>Attn: Director of Taxpayer Assistance and<br>Collection Division<br>P.O. Box 871 |

Raleigh, NC 27602

Raleigh, NC 27602

North Dakota State Tax Commissioner

Attn: Patrick A. Baros

600 East Boulevard Avenue

Department 127

Bismark, ND 58505

Pennsylvania Department of Revenue

Attn: Joseph J. Swartz

Office of Chief Counsel

P.O. Box 281061

Harrisburg, PA 17128

South Carolina Department of Revenue

Attn: Rose M. Steward

P.O. Box 12265

Columbia, SC 29211

Texas Comptroller of Public Accounts

c/o Office of the Attorney General

Attn: Byron Evans, II

Lydia Hewett

Bankruptcy & Collection Division

P.O. Box 12548, MC-008

Austin, TX 78711

Texas Attorney General

Bankruptcy & Collections Division

c/o Christopher Murphy

P.O. Box 12548, MC008

Austin TX 78711-2548

Utah State Tax Commission

Attn: Jim Thompson

210 North 1950 West

Salt Lake City, UT 84314

605349639

| | |
|---|---|
| Vermont Department of Taxes<br>Attn: Will Baker<br>Director, Legal Unit<br>133 State Street<br>Montpelier, VT 05602 | Washington State, Department of Revenue<br>P.O. Box 47464<br>Olympia, WA 98504-7464 |
| Washington Department of Revenue<br>Attn: Sam Seal<br>2101 4th Avenue, Suite 1400<br>Seattle, WA 98121 | Washington State Dept. of Revenue<br>Attn: Victor J. Crossetti<br>Compliance Division<br>1904 Humboldt Street, Suite A<br>Bellingham, WA 98225 |
| Wisconsin Department of Revenue<br>2135 Rimrock Road<br>P.O. Box 8906<br>Madison, WI 53708-8906 | Wisconsin Department of Revenue<br>Attn: Jill Ritchie<br>Special Procedures Unit<br>P.O. Box 8901<br>Madison, WI 53708-8901 |
| Australian Taxation Office<br>26 Narellan Street<br>Canberra ACT 2601<br>Australia | The Loot Company (fka Loot Crate Acquisition LLC)<br>c/o The Delaware Corporation Agency, Inc.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801 |

605349639

Erin R. Fay

Bayard, P.A.

600 North King Street, Suite 400

Wilmington, DE 19801

Cathy Hershcopf

Lauren Reichardt

Cooley LLP

55 Hudson Yards

New York, NY 10001

Ronald Bender

Beth Ann R. Young

Levene Neale Bender Yoo & Golubchik, LLP

2818 La Cienega Avenue

Los Angeles, CA 90034

David Vogel

Cooley LLP

Reston Town Center

11951 Freedom Drive, 14th Floor

Reston, VA 20190-5656

Josef W. Mintz

Blank Rome LLP

1201 Market Street, Suite 800

Wilmington, DE 19801

Ira L. Herman

Blank Rome LLP

1271 Avenue of the Americas

New York, NY 10020

605349639